107 F.3d 878
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellant/Cross-Appellee,
v.
ONE 1988 CHRIS CRAFT 20 FOOT BOAT & TRAILER, et al., Defendants,
and
Detra & Steven Hambrick, Claimants-Appellees/Cross-Appellants
 
 1
 No. 94-56337, 94-56338.
 
 
 2
 United States Court of Appeals, Ninth Circuit.
 
 Argued and Submitted Feb. 5, 1997.
Decided Feb. 25, 1997.
 
 3
 Before: BEEZER and KOZINSKI, Circuit Judges, and INGRAM,* District Judge.
 
 
 4
 MEMORANDUM**
 
 
 5
 The United States appeals that part of the order of the district court finding that the government lacked substantial justification to maintain this action to forfeit four of the defendant vehicles and awarding attorney's fees to claimants Hambrick pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. Claimants/Cross-Appellants Hambrick appeal that portion of the order denying attorney's fees incurred in connection with a motion to suppress evidence upon which the United States prevailed.
 
 
 6
 We review for abuse of discretion, and AFFIRM in part and REVERSE in part.
 
 
 7
 We REVERSE and VACATE that part of the ruling which awarded attorney's fees to claimants Hambrick because the district court abused its discretion in failing to consider, in reaching its decision that the government's position was not substantially justified, evidence as to the government's knowledge on the date of the filing of the forfeiture complaint of the date of acquisition of certain of defendant vehicles. Evidence of use of a defendant vehicle in facilitating narcotics transactions was improperly rejected and should have been considered on the issue of substantial justification. Such evidence was not subject to exclusion in the attorney fee application proceedings as irrelevant under United States v. $191,910 in U.S. Currency, 16 F.3d 1051 (9th Cir.1994), nor did the determination by the district court of lack of reasonable cause to forfeit the defendant vehicles in question, estop the further litigation and determination of the issue of substantial justification. "Substantial justification" does not equal "reasonable justification." Pierce v. Underwood, 487 U.S. 552, 566 n. 2 (1988). A position may be substantially justified even if it is not correct. Substantial justification contemplates a "reasonable basis both in law and fact," id., and requires examination of the record of the government conduct in issue and the totality of circumstances present before and during litigation. Barry v. Bowen, 825 F.2d 1324, 1330 (9th Cir.1987).
 
 
 8
 Prior to the holding in $191,910, supra, the district court fully considered all evidence proffered to it and made findings based on that evidence which were favorable to the government. Although our holding in $191,910 rendered some of the evidence irrelevant on the issue of probable cause to forfeit, we think that the evidence excluded was not irrelevant on the issue of presence or absence of substantial justification, and that the court should have considered it on that issue.
 
 
 9
 We AFFIRM the district court's denial of attorney's fees incurred by the Hambricks in the prosecution of Mrs. Hambrick's unsuccessful Motion to Suppress Evidence. That motion was filed in the earlier instituted forfeiture case against the Hambricks' residence, and not in the instant case, and the district court did not abuse its discretion in denying fees on that basis.
 
 
 10
 AFFIRMED IN PART, REVERSED IN PART.
 
 
 
 *
 The Honorable William A. Ingram, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3